**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS S. MANFRE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **JEROME MAY, WILLIAM MAY,** ) | |
| **DAVID MAY, and R&M FREIGHT,** ) | |
| **INC.,** ) | |
| ) | Case No. 08 C 1281 |
| Defendants. ) | |
| ) | Judge Matthew F. Kennelly |
| ) | |
| **R&M FREIGHT, INC.,** ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **THOMAS S. MANFRE,** ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES**

After being frozen out of a corporation in which he is a twenty-five percent shareholder while the corporation's assets were being wasted, Plaintiff Thomas Manfre brought this action for shareholder remedies, breach of fiduciary duty, and for inspection of corporate records against the other three shareholders, Jerome May, William May, and David May (collectively "the May Brothers") and the corporation that the four of them together own, R&M Freight, Inc. ("R&M" and, collectively with the May Brothers, "Defendants"). In response, both Defendants answered, admitting many of the key allegations of Mr. Manfre's Complaint. At the same time,

the Defendants also attempted to assert numerous affirmative and "other defenses."[1] All of those defenses, however, fail as a matter of law. Some fail as a result of the judicial admissions contained in the Defendants' respective Answers. Others fail because they are not affirmative defenses at all. Still others fail because the single sentences in which the Defendants identify the defense fail to allege any facts supporting that defense, and therefore do not satisfy the applicable pleading standards. Because of these deficiencies in the affirmative defenses asserted by both the May Brothers and R&M, all of those defenses should now be stricken.

## ARGUMENT

All of the affirmative defenses alleged by both the May Brothers and R & M are legally deficient. "[T]he basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983). Because they must assert another reason for why the defendant is not liable, affirmative defenses are themselves pleadings.

To adequately plead affirmative defenses, therefore, a defendant must meet the requirements of Federal Rule of Civil Procedure 8(a) by setting forth a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). That short plain statement "must include either direct or inferential allegations respecting all material elements of the claim asserted." *MAN Roland Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999). Where a defendant fails to include those allegations, and instead pleads affirmative

---

[1] Both the May Brothers and R&M describe their defenses as "affirmative and other defenses." It is not clear what the Defendants mean by "other defenses." This lack of clarity, though, does not change the fact that none of the Defendants defenses are adequately pled. Because the Federal Rules of Civil Procedure do not provide for the pleading of "other defenses," for purposes of this motion, Mr. Manfre will simply assume that all of the Defendants' purported defenses are affirmative defenses and refer to them as such.

defenses that are simply "bare bones conclusory allegations," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), those defenses do not satisfy this standard, and must therefore be stricken. *American Top English v. Lexicon Mktg. (USA), Inc.*, No. 03 C 7021, 2004 WL 2271838, at *10 (N.D. Ill. Oct. 4, 2004) (quoting *Heller*). Similarly, where a defendant simply presents a conclusory statement denying one allegations in the complaint, that mere denial also does not meet the applicable standard and should be stricken. *Renalds v. S.R.G. Restaurant Group, Chicago, LLC*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000).

Moreover, Defendants attempt to assert several equitable defenses, which "must be pled with the specific elements required to establish the defense." *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (citing *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Indeed, a defendant asserting equitable defenses must provide "least some direct or inferential allegations as to each element of the defense asserted." *Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 03 C 7069, 2004 WL 1200184, at *3 (N.D. Ill. May 28, 2004).

Applying these standards, a court should strike affirmative defenses where: (1) the matter is not appropriately pled as an affirmative defense, (2) though possibly an appropriate defense, the matter is not pled with sufficient specificity, or (3) where the allegations are not legally sufficient to state a claim under the standards of Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) ("[I]f the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate"). Here, application of these standards to the Defendants' affirmative defenses demonstrates that the Court should strike each of those defenses.

I.  **THE AFFIRMATIVE DEFENSES THAT SIMPLY DENY CERTAIN ALLEGATIONS OF THE COMPLAINT FAIL BECAUSE MERE DENIALS ARE NOT AFFIRMATIVE DEFENSES.**

Affirmative defenses that do nothing more than deny either the allegations of the complaint or the significance of those allegations are not proper defenses. *Instituto Nacional*, 576 F. Supp. at 989. Despite this established standard, the May Brothers' first, second, third, and fourth purported affirmative defenses do nothing more than deny allegations of the Complaint. Similarly, R&M's first, second, and third purported affirmative defenses (which are identical to the May Brothers' first, third, and fourth defenses) also simply deny the allegations of the Complaint. Because the mere denial of the Complaint's allegations cannot be the basis for affirmative defenses, each of these defenses should be stricken. *See, e.g.*, *id.*

Closer examination of these defenses confirms that each presents nothing more than a denial, and therefore should now be stricken. As their first affirmative defense, both the May Brothers and R&M state "Plaintiff fails to state a cause of action upon which relief may be granted." This defenses fails for two reasons. First, simply asserting the motion to dismiss standard is not a proper affirmative defense. *See Instituto Nacional*, 576 F. Supp. at 989 (striking the defense because a true affirmative defense raises matters outside the plaintiff's complaint).[2] Second, the Defendants failure to do anything but state the standard for a motion to dismiss, without identifying any specific shortcomings of the Complaint, means that they failed to adequately plead the defense. *See Renalds*, 119 F. Supp. 2d at 803-04 (striking failure to state a claim defense because it did not identify specific infirmities in the complaint).

---

[2] There is some debate in the Northern District of Illinois as to whether a complaint's supposed failure to state a claim is an affirmative defense. *See Reis Robotics*, 462 F. Supp. 2d at 906 (comparing cases finding that failure to state a claim is and is not a proper affirmative defense). Regardless of how this Court resolves that question, the Defendants' first affirmative defenses should nonetheless be stricken as neither makes any attempt to do anything beyond stating the motion to dismiss standard. *See, e.g.*, *Renalds*, 119 F. Supp. 2d at 803-04.

For their second affirmative defense, the May Brothers simply deny that they owed Mr. Manfre any fiduciary duties regarding the conduct alleged in the Complaint. This "defense," therefore, amounts to nothing more than a conclusory statement denying Paragraph 73 of the Complaint, which alleged that the May Brothers, by virtue of being controlling shareholders in a close corporation incorporated in Illinois, "owe Mr. Manfre the duties of fiduciaries." Thus, the May Brothers' second affirmative defense is nothing more than a denial of the Complaint's allegations. Because that conclusory statement denying Mr. Manfre's allegations is not a proper affirmative defense, *see Renalds*, 119 F. Supp. 2d at 804, this defense should be stricken.

In the May Brothers' third affirmative defense and R&M's second affirmative defense, the Defendants state that Mr. Manfre "is not as a matter of law entitled to the forms of relief he seeks in this action." Once more, this is nothing more than a conclusory statement by the Defendants that simply denies the allegations of the Complaint. As such, once more, the defense fails and should be stricken. Moreover, like the Defendants' first affirmative defenses, even if the mere denial was not sufficient reason to strike these defenses, the Defendants' failure to allege any reasons *why* Mr. Manfre is not entitled to the relief he seeks also dooms these defenses.

In the May Brothers' fourth affirmative defense and R&M's third affirmative defense, the Defendants once more simply deny allegations of the Complaint. This time, the defenses assert, again without any supporting allegations, that the Defendants "have fulfilled their obligations under the Illinois Business Corporation Act, 805 ILCS 5/101 *et seq*." In this, the Defendants simply deny, through conclusory statements, the entirety of Counts I and III of the Complaint. As with their other denials, the fact that the Defendants do not believe they are liable does not mean that they have adequately pled a legitimate affirmative defense. To the contrary, once

again, the Defendants' conclusory statements denying Mr. Manfre's allegations are not proper affirmative defenses. *Renalds*, 119 F. Supp. 2d at 804. Accordingly, the May Brothers fourth affirmative defense, like their first three affirmative defenses, and R&M's third affirmative defense, like its first two, should be stricken.

## II. THE COURT SHOULD STRIKE OTHER AFFIRMATIVE DEFENSES THAT ARE NOT PLED WITH SUFFICIENT FACTUAL DETAIL.

As noted above, affirmative defenses are pleadings and therefore subject to the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Heller Fin.*, 883 F.2d at 1294. None of the Defendants' affirmative defenses, however, satisfy those requirements, including those that attempt to assert otherwise recognized affirmative defenses -- meaning that all of the Defendants' defenses should be stricken.

In addition to the deficiencies in the defenses discussed above, the Defendants' remaining defenses similarly fail to allege "either direct or inferential allegations respecting all material elements of the claim asserted." *MAN Roland*, 57 F. Supp. 2d at 579. Indeed, the May Brothers' fifth, sixth, seventh, and eighth affirmative defenses and R&M's fourth, fifth, and sixth affirmative defenses each fail to include allegations necessary to state the defenses being asserted. For example, in the May Brothers' sixth and eighth affirmative defenses and R&M's fourth and sixth affirmative defenses, the Defendants' attempt to state the defenses of waiver, acquiescence, estoppel, and/or unclean hands. These defenses, however, "are equitable defenses that must be pled with the specific elements required to establish the defense." *Reis Robotics*, 462 F. Supp. 2d at 907 (citing *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Here, the Defendants offer no allegations establishing those elements. Moreover, the May Brothers' sixth defense and R&M's fourth defense both merely string together three similar defenses. As the court said in *State Farm*: "It is unacceptable for a party's

attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense-which after all is the goal of notice pleading." 199 F.R.D. at 279. Because the May Brothers' fifth through eighth defenses and R&M's fourth through sixth defenses all fail to adequately plead the defenses asserted, each of those defenses should now be stricken.

### III. THE DEFENDANTS' "CATCH-ALL" AFFIRMATIVE DEFENSES FAIL BECAUSE NO SUCH DEFENSE EXISTS.

Both the May Brothers and R&M assert, as their ninth and seventh affirmative defenses, that they "reserve all rights to assert any other Affirmative Defenses of which they may become aware in the course of discovery." As the *Reis Robotics* court determined, however, this is not a proper affirmative defense. 462 F. Supp. 2d at 907; *see also Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n.6 (7th Cir. 1991) ("[T]here is no procedure for reserving a right to plead affirmative defenses at a latter date."). Rather, that court noted, should the Defendants become aware of new defenses and wish to add them, the proper mechanism would be for them to seek leave to do so under Rule 15(a) of the Federal Rules of Civil Procedure. *Reis Robotics*, 462 F. Supp. 2d at 907. Accordingly, the Court should strike the May Brothers' ninth affirmative defense and R&M's seventh affirmative defense.

### CONCLUSION

None of the defenses asserted by the Defendants are properly alleged. Accordingly, the Court should strike all of the Defendants' affirmative defenses.

Dated: May 2, 2008                                                  Respectfully submitted,

- 8 -

                                    THOMAS S. MANFRE


                              By:    s/ Max A. Stein
                                    One of His Attorneys

Matthew J. O'Hara (Atty. No. 6237795)
Max A. Stein (Atty. No. 6275993)
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL  60606
(312) 207-1000

2177412.2

**CERTIFICATE OF SERVICE**

I, Max A. Stein, state that on May 2, 2008, I electronically filed the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES** with the Clerk of the Court using the ECF system which will send notification to all parties.

                                                          s/ Max A. Stein
                                            Max A. Stein (Atty. No. 6275993)
                                            REED SMITH LLP
                                            10 S. Wacker Drive
                                            Chicago, IL  60606
                                            (312) 207-1000