## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THOMAS S. MANFRE,             )
                                   )
   Plaintiff,              )
                                   )   Case No.  08 C 1281
      v.               )
                                   )   Judge Matthew J. Kennelly
JEROME MAY, WILLIAM MAY,   )   Magistrate Judge
DAVID MAY, and R&M FREIGHT,   )   Michael T. Mason
INC.,                     )
                                   )
   Defendants.          )

### DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES

NOW COME Defendants, JEROME MAY, WILLIAM MAY and DAVID MAY (collectively, the "May Brothers"), by and through their attorneys, LOWIS & GELLEN, LLP, and in accordance with Fed.R.Civ.P. 15(a), for their First Amended Affirmative Defenses to Plaintiff's Complaint, state as follows:

### AFFIRMATIVE AND OTHER DEFENSES

The May Brothers assert the following affirmative and other defenses:

1.     Plaintiff's claims are barred in whole or in part by the business judgment rule, as the actions and business decisions of the May Brothers, as R&M officers and directors, that Plaintiff alleges were unlawful, including but not limited to Plaintiff's removal as a director and executive committee member of R&M, as well as the payment or non-payment of bonuses, salaries, dividends and/or consulting fees, were proper and were executed in the best interests of R&M and its shareholders.

2.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver, acquiescence and/or estoppel because he failed to challenge any alleged errors or

malfeasance on the part of the May Brothers pursuant to R&M's By-Laws and/or Articles of Incorporation.

3. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, acquiescence and/or estoppel because, over the course of four (4) years, he agreed to a course of dealing that deviated from the express terms of the R&M's By-Laws and/or Articles of Incorporation.

4. Plaintiff's claims are barred in whole or in part due to the doctrine of unclean hands because Plaintiff has usurped several corporate opportunities, breached his own fiduciary duties, and otherwise hindered R&M's growth, all to the May Brothers' and R&M's damage.

5. Plaintiff's claims are barred in whole or in part because he knowingly failed to mitigate his damages.

6. In further support of their Affirmative Defenses, the May Brothers adopt and incorporate the allegations set forth in Defendant/Counter-plaintiff R&M Freight, Inc.'s. Counterclaim and Third-Party Complaint.

WHEREFORE, the May Brothers respectfully request that this Court dismiss Plaintiff's action with prejudice and award the May Brothers their costs incurred in defending this action and such additional relief as the Court deems just and equitable.

Respectfully submitted,

JEROME MAY, WILLIAM MAY and DAVID MAY,

By: _s/ Ethan F. Hayward_____
One of their attorneys

Gerald Haberkorn
Simon J. Hill

Ethan F. Hayward
LOWIS & GELLEN LLP
200 W. Adams St., Suite 1900
Chicago, Illinois 60606
(312) 364-2500

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, a copy of the foregoing was filed electronically.   Notice of filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

 s/ Ethan F. Hayward_____
Ethan F. Hayward
Lowis & Gellen, LLP
200 W. Adams St., Suite 1900
Chicago, Illinois 60606
(312) 364-2500